IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD LOYD JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-09-263-C |
| v. | ) |
| | ) |
| DAVID MILLER, Warden, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

This is a 42 U.S.C. § 1983 action filed by Plaintiff, a state prisoner appearing *pro se*. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the undersigned is Plaintiff's Declaration for Entry of Default filed May 14, 2009, and Motion for Order of Preliminary Injunction filed April 21, 2009.

Plaintiff's Declaration for Entry of Default (Doc. # 15) demands the Court enter a default judgment in this action based on Defendant's failure to respond to the Complaint within twenty (20) days after he was served with process. Plaintiff does not indicate a procedural foundation for this motion. Because Plaintiff's claims are not for a sum certain but include requests for equitable relief, the motion is construed as one seeking an order of

1

the Court entering default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  In this case, the Order Requiring Special Report entered March 18, 2009 (Doc. # 8) directs that Defendant's answer or other responsive pleading be filed within sixty (60) days of the date he or she was served with process.  The record reflects that Defendant Warden Miller was served with process on April 3, 2009.  Accordingly, Defendant Miller's answer date has not passed, and Defendant is not in default.  Plaintiff's Declaration for Entry of Default (Doc. # 15) seeking the entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) should therefore be DENIED.

Plaintiff's Motion for Order of Preliminary Injunction (Doc. # 14) seeks the entry of a preliminary injunction against Defendant Miller, who is the warden of the private prison, Lawton Correctional Facility ("LCF"), where Plaintiff is currently incarcerated.  In this Motion, Plaintiff requests the issuance of a preliminary injunction "for a protective order to be issued for the [retaliatory] tampering of plaintiffs [sic] legal mail so plaintiff will be able to send his legal mail to the courts unhindered[, f]or plaintiff to not be harassed[, and f]or an investigation to be opened for the tampering of plaintiffs [sic] legal mail and charges filed." Plaintiff also requests the issuance of a preliminary injunction "to stop the use of the IONSCAN due to the faulty readings and the procedures that are followed after a positive reading that violated plaintiff's constitutional rights and his mother Irene Johnson's constitutional rights."  Finally, Plaintiff requests the issuance of a preliminary injunction to allow Plaintiff access to a "law library so he can research on how to get his records, files and transcripts [and] so [he] can research on this 1983 civil rights complaint."

In his Complaint filed March 8, 2009, Plaintiff asserts two claims. In his first ground for relief, Plaintiff asserts that his First, Fourth, and Fourteenth Amendment rights were violated by LCF's use of an IONSCAN device to search visitors for the presence of illegal substances when entering LCF. Plaintiff alleges that his mother "tested positive on the IONSCAN machine" and that her visitation privileges at LCF were suspended for 90 days as a result. In his second ground for relief, Plaintiff asserts that LCF's use of the "exact-cite system" and denial of physical access to a law library and other legal resources violate Plaintiff's First and Fourteenth Amendment rights to access the courts.

The standard for reviewing Plaintiff's request for a preliminary injunction is well established:

> To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) [that] the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) [that] the injunction, if issued, will not adversely affect the public interest.

Gen. Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007). "[A] preliminary injunction is an extraordinary remedy; it is the exception rather than the rule." GTE Corp. v. Williams, 731 F.2d 676, 678 (10th Cir. 1984). Additionally, if a preliminary injunction would alter the status quo, "the movant bears a heightened burden and 'must make a strong showing both with regard to the likeliness of success on the merits and with regard to the balance of harms.'" Gen. Motors Corp., 500 F.3d at 1226 (quoting O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 976 (10th Cir. 2004)( *en banc, per*

*curiam*), aff'd, 546 U.S. 418 (2006).

All of Plaintiff's requests for preliminary injunctive relief would alter the status quo by requiring the Court to direct that Defendant Miller take some action. However, Plaintiff has not attempted to show a substantial likelihood of success on the merits with respect to his request for preliminary injunctive relief. Plaintiff's allegations of retaliatory conduct are conclusory. Plaintiff has provided no evidence, other than his own conclusions, in support of his claim that the use of the IONSCAN device violated a constitutionally protected right to visitation with his mother. "[T]he Supreme Court has held that inmates have no right to unfettered visitation. Rather, prison officials necessarily enjoy broad discretion in controlling visitor access to a prisoner ...." Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998)(citing Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989)(noting inmates have no liberty interest in "unfettered visitation")). See Gray v. Bruce, 26 Fed. Appx. 819, 823, 2001 WL 1580940, *2 (10th Cir. Dec. 12, 2001)(unpublished op.)(holding prison's requirement that visitor submit to swab search using ion spectrometer was not *per se* violation of her Fourth Amendment right to be free from unreasonable searches). Nor has Plaintiff identified a state-created liberty interest in unrestricted visitation with a family member. Moreover, Plaintiff has also not alleged that LCF imposed a complete ban on all of Plaintiff's visitors or that the temporary restriction placed on his mother's visitation privileges constituted an atypical and significant hardship on him in relation to the ordinary incidents of his confinement. See Sandin v. Conner, 515 U.S. 472, 484 (1995). The Tenth Circuit Court of Appeals has recognized that the use of an "exact cite" system "may state a

viable claim of denial of access to the courts." Trujillo v. Williams, 465 F.3d 1210, 1226 (10th Cir. 2006). However, Plaintiff has not shown that any denial or delay of access to a law library or legal resources resulting from LCF's use of an "exact cite" system has prejudiced him in pursuing litigation. See Lewis v. Casey, 518 U.S. 343, 351 (1996)(holding prisoner alleging denial of access to courts based on "alleged shortcomings in the library or legal assistance program" must show his or her "efforts to pursue a legal claim" were hindered). Because Plaintiff has failed to show a substantial likelihood of success on the merits with respect to his claims, his request for a preliminary injunction should be DENIED.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Plaintiff's "Declaration for Entry for Default (Doc. # 15) and "Motion for Order of Preliminary Injunction (Doc. #14) be DENIED. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___June 8th___, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___18th___ day of ___May___, 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE